**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
)
)
)
IN THE MATTER OF                    )   INDEX NO. 16-10222-JLG
)
)
RAHUL MANCHANDA                     )   NOTICE OF APPEAL OF DENIAL
)   OF CONTEMPT AS TO JUDGE
)   JANE EMONS, SHARIE KRUZIC,
)   ROBERT MERCER-FALKOFF, PAUL
------------------------------------x   CARTY

Rahul Manchanda, an Attorney duly admitted to practice throughout the federal, state and local courts of New York State, in support of his Motions for Contempt Against Judge Jane Emons, Sharie Kruzic, Robert Mercer-Falkoff, and Paul Carty does hereby file a Notice of Appeal pursuant to FRBP §§ 8002 and 8003(a)(2) owing to the 14 day rule for filing said Notice from date of Decision, states:

1. Debtor submits that he did in fact comply with Rule 9013-1 (each motion shall specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief, either in the motion **or in a separate memorandum of law**) in that he provided the relevant case law precedent, statutory and legal authority in his first Memorandum of Law and Brief in Support dated January 31, 2016, in his Reply Affidavit to Robert Mercer-Falkoff dated February 17, 2016, in his Reply Affidavit to Sharie Kruzic dated February 26, 2016, Letter to Judge James Garrity dated March 3, 2016, Memorandum of Law and Proposed Orders dated March 10, 2016, Reply Affidavit to Judge Jane Emons dated March 10, 2016, Reply Affidavit to GAL Joe DiSilvestro of Kolb & Associates PC dated March 14, 2016 (having never received his Response until March 14, 2016 even though it was due March 8, 2016), all of which were submitted and served on the Creditors before their relevant Court Dates and given sufficient time to reply, even if I was not afforded the same courtesy or statutory requirement - see above issue with GAL Joe DiSilvestro of Kolb & Associates, and none of the named creditors whom even had to appear in court to answer the allegations or be subject to cross-examination pursuant to the 6th Amendment or in accordance with Debtor's 5th Amendment right to due process; and

2. Furthermore this Notice of Appeal asks for reconsideration of Judge James Garrity's decision denying Debtor's Motion for Contempt against Judge Jane Emons' with regards to her conduct in both choosing, supporting, appointing counsel to, orchestrating, and controlling the other violating parties (SCSU and GAL Joe Disilvestro) who openly and flagrantly continued to violate the automatic stay by forcing Debtor to pay them and billing Debtor in order to see his kids, or retaliating against Debtor by terminating his visitation or giving him bad reviews when he could not pay them, all of them illegally threatening Debtor with criminal prosecution for non-payment throughout;

3. Debtor had provided the receipts, documentary proof, emails, and complaints substantiating and evidencing all of this in his pleadings and exhibits, but the judge didn't even take notice of

them.

For the above 3 reasons Debtor is herein appealing Judge James Garrity's decisions on the denials of the motions for contempt against Judge Jane Emons, Sharie Kruzic, Robert Mercer-Falkoff, and Paul Carty, and a full brief and record on appeal will follow within the requisite statutory time periods.

Having said that, and to that end, specifically with regards to the **proposed** order denying contempt against Judge Jane Emons:

4. Objection is made to the first paragraph language of "asking this Court to hold Judge Emons in civil and/or criminal contempt of this Court based on actions Judge Emons allegedly took **or may take** in connection with Kruczic v. Manchanda, FA 15-4064815-S (Conn. Super. Ct.), an action pending in Connecticut Superior Court" because it is **IMPOSSIBLE** to know what Judge Jane Emons will say or do in the future, and certainly Debtor is subject to unfair retaliation for having the guts to fight back, so that portion should be struck;

5. In paragraph 2 objection is made to the language "(and that Debtor had previously filed claims against other judges barred by judicial immunity)" as this is completely and totally prejudicial, unnecessary, and penalizes debtor for fighting for him and his childrens' civil liberties, human rights, and constitutional rights against aggressive overreach and overbearing by judges abusing their discretion;

6. With regards to the last paragraph 3, should have been changed to "ORDERED, that Debtor's Motion is DENIED without prejudice, however if any actions taken in the future violate the stay in place, Debtor is advised to first consult with Judge Jane Emons before filing another motion for contempt (similar to the language for the motion denials against Sharie Kruzic, Robert Mercer-Falkoff, and Paul Carty). The following sentence should have been removed in its entirety as it once again attempts to completely abrogate Debtor's rights with regards to future misconduct and stay violations by this Judge Jane Emons (and other as of yet unnamed or unassigned judges!!) - "Debtor is further advised that future filings directed against Judge Emons or other Connecticut Superior Court Judges based on rulings made or other actions taken in connection with Debtor's family court proceedings may lead the Court to award sanctions against Debtor." REMOVE PLEASE.

*Rahul Manchanda, Esq*

**Dated:** March 23, 2016
New York, NY

Rahul Manchanda, Esq.
82 Beaver Street Apt 301
New York, NY 10005
Tel: (212) 968-8600
Fax: (212) 968-8601

## ATTORNEY CERTIFICATION OF SERVICE

On March 23, 2016 the undersigned did deliver a copy of the attached Reply Affidavit via ECF and US Mail to the relevant creditors named herein.

*Rahul Manchanda, Esq*

_____
Rahul Manchanda, Esq.

Official Form 17A (12/14)

[Caption as in Form 16A, 16B, or 16D, as appropriate]

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): _RAHUL MAMCHANDA_

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _ORDERS DENYING MOTIONS FOR CONTEMPT AGAINST JUDGE JANE EMONS, SHARIE KRUZIC, ROBERT MERCER-FALKOFF, PAUL CARTY._

2. State the date on which the judgment, order, or decree was entered: _March 11, 2016_

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _JUDGE JANE EMONS_ Attorney: _ROBERT DEICHERT_
   _CT ATTORNEY GENERAL'S OFFICE_
   _55 ELM STREET, PO BOX 120_
   _HARTFORD, CT 06141-0120_

2. Party: _SHARIE KRUZIC_ Attorney: _ROBERT MERCER-FALKOFF_
   _678 MAIN ST #1_
   _BRANFORD, CT_

3. Party: _ROBERT MERCER-FALKOFF_ Attorney: _Pro Se_

4. Party: _PAUL CARTY, ESQ._ Attorney: _Pro Se_

Official Form 17A (12/14)

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_[signature]_

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: March 23, 2016

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

82 Beaver St #301
New York, NY 10005
(212) 968-8800

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In re

      RAHUL DEV MANCHANDA,          Chapter 13
                                              Case No. 16-10222 (JLG)

                Debtor.

----------------------------------X

### ORDER DENYING MOTION OF RAHUL DEV MANCHANDA AGAINST PAUL V. CARTY FOR CONTEMPT

**WHEREAS,** Rahul Dev Manchanda (the "Debtor"), the debtor in the above-captioned case, an attorney-at-law, filed a motion [ECF Doc. No. 12] (the "Motion") seeking an order imposing contempt sanctions on Paul V. Carty. The Motion is supported by the Declaration of Rahul Dev Manchanda, which is attached to the Motion; and

**WHEREAS,** in 2011, the Debtor's law offices filed a voluntary chapter 7 petition for relief [*See* 11-15837 ECF Doc. No. 1]. In a memorandum order in those proceedings, Judge Bernstein brought Local Rule 9013-1 to the Debtor's attention [*See* 11-15837 ECF Doc. No. 27]. Local Rule 9013-1(a) provides that "[e]ach motion shall specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law. If such specification has not been made, the Court may strike the motion from the calendar."; and

**WHEREAS,** in 2013, the Debtor filed an individual voluntary chapter 7 petition for relief. In several orders denying motions filed in that case by the Debtor seeking sanctions [*See e.g.,* 13-12880 ECF Doc. Nos. 55, 56, and 57], Judge Glenn referenced Judge Bernstein's order in the law firm's case thereby again bringing Local Rule 9013-1 to the Debtor's attention; and

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re

     RAHUL DEV MANCHANDA,          Chapter 13
                                                 Case No. 16-10222 (JLG)

                Debtor.
------------------------------------X

## ORDER DENYING MOTION OF RAHUL DEV MANCHANDA AGAINST ROBERT MERCER-FALKOFF FOR CONTEMPT

**WHEREAS,** Rahul Dev Manchanda (the "Debtor"), the debtor in the above-captioned case, an attorney-at-law, filed a motion [ECF Doc. No. 13] (the "Motion") seeking an order imposing contempt sanctions on Robert Mercer-Falkoff. The Motion is supported by the Declaration of Rahul Dev Manchanda, which is attached to the Motion; and

**WHEREAS,** in 2011, the Debtor's law offices filed a voluntary chapter 7 petition for relief [*See* 11-15837 ECF Doc. No. 1]. In a memorandum order in those proceedings, Judge Bernstein brought Local Rule 9013-1 to the Debtor's attention [*See* 11-15837 ECF Doc. No. 27]. Local Rule 9013-1(a) provides that "[e]ach motion shall specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law. If such specification has not been made, the Court may strike the motion from the calendar."; and

**WHEREAS,** in 2013, the Debtor filed an individual voluntary chapter 7 petition for relief. In several orders denying motions filed in that case by the Debtor seeking sanctions [*See e.g.*, 13-12880 ECF Doc. Nos. 55, 56, and 57], Judge Glenn referenced Judge Bernstein's order in the law firm's case thereby again bringing Local Rule 9013-1 to the Debtor's attention; and

013370                                                   17506013383021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In re

    RAHUL DEV MANCHANDA,          Chapter 13
                                        Case No. 16-10222 (JLG)
               Debtor.
----------------------------------X

## ORDER DENYING MOTION OF RAHUL DEV MANCHANDA AGAINST SHARIE KRUZIC FOR CONTEMPT

**WHEREAS,** Rahul Dev Manchanda (the "Debtor"), the debtor in the above-captioned case, an attorney-at-law, filed a motion [ECF Doc. Nos. 15, 19] (the "Motion") seeking an order imposing contempt sanctions on Sharie Kruzic. The Motion is supported by the Declaration of Rahul Dev Manchanda, which is attached to the Motion; and

**WHEREAS,** in 2011, the Debtor's law offices filed a voluntary chapter 7 petition for relief [*See* 11-15837 ECF Doc. No. 1]. In a memorandum order in those proceedings, Judge Bernstein brought Local Rule 9013-1 to the Debtor's attention [*See* 11-15837 ECF Doc. No. 27]. Local Rule 9013-1(a) provides that "[e]ach motion shall specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law. If such specification has not been made, the Court may strike the motion from the calendar."; and

**WHEREAS,** in 2013, the Debtor filed an individual voluntary chapter 7 petition for relief. In several orders denying motions filed in that case by the Debtor seeking sanctions [*See e.g.,* 13-12880 ECF Doc. Nos. 55, 56, and 57], Judge Glenn referenced Judge Bernstein's order in the law firm's case thereby again bringing Local Rule 9013-1 to the Debtor's attention; and